IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENN DELL COOK,

   Petitioner,

v.   No. 2:22-cv-00197-KWR-JFR

UNITED STATES OF AMERICA,

   Respondent.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Glen Dell Cook's Letter-Petition Regarding Sentence Calculation (Doc. 1) (Letter-Petition).  Cook is a federal prisoner and is proceeding *pro se*.  He alleges the Bureau of Prisons (BOP) refuses to run his two sentences concurrently, as set forth in his federal criminal judgment.  *See* Doc. 775 in 06-cr-2403 RB. Cook's current release date is October 26, 2031.  *See* https://www.bop.gov/inmateloc/.  A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a release date, is construed as a habeas corpus petition under 28 U.S.C. § 2241.  *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging the miscalculation of sentence/credits). The Letter-Petition also attaches a three-line Affidavit in Support of Motion for Compassionate Release.  *See* Doc. 1 at 2.  No such motion was filed, and in any event, that pleading must be submitted in the criminal case, No. 06-cr-2403 RB.  The Court therefore construes the Letter-Petition under § 2241 and declines to consider exhibits pertaining to compassionate in this habeas proceeding.

When a petition challenges the execution of a sentence under § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same). Cook is currently confined at FCI Florence, within the jurisdiction of the United States District Court for the District of Colorado. *See* https://www.bop.gov/inmateloc/; 28 U.S.C. § 85 ("Colorado constitutes one judicial district"). The Letter-Petition must be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).

The claims are not time-barred, and Cook's allegation that the BOP miscalculated his sentence may survive initial review. *See Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021) ("[T]here is no statute of limitations for petitions invoking § 2241."). However, a transfer is not warranted because Cook's claims were already transferred to the correct judicial district.

2

Cook filed two § 2241 proceedings addressing the same issue, *Cook v. United States,* 21-cv-1142 RB-KBM and *Cook v. United States,* 22-cv-197 KWR-JFR.   Like this case, *Cook v. United States,* 21-cv-1142 RB-KBM addresses the BOP's alleged refusal to run his sentences concurrently in accordance with his federal judgment.   By a Memorandum Opinion and Order entered November 30, 2022, the Court (Hon. Robert Brack) transferred the first petition to the District of Colorado. *See* Doc. 2 in 21-cv-1142 RB-KBM.   The Court therefore declines to transfer the instant, duplicate Letter-Petition.   The Court will dismiss the Letter-Petition in this case without prejudice for lack of jurisdiction and will decline to address any exhibits pertaining to compassionate release.   If Cook seeks compassionate release, he must file a formal motion in the criminal case.

**IT IS ORDERED** that Petitioner Glenn Dell Cook's Letter-Petition Regarding Sentence Calculation (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and the Court will enter a separate judgment closing the civil habeas case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**